# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

_____

No. 24-CV-2268 (RER) (RML)
_____

Xiuzhu Lin,

Plaintiff,

versus

Merrick Garland, et al.,

Defendants.

_____

**MEMORANDUM & ORDER**

January 22, 2025

_____

**RAMÓN E. REYES, JR., U.S.D.J.:**

Defendants Attorney General Merrick Garland, United States Citizenship & Immigration Service ("USCIS") Director Ur M. Jaddou, and USCIS Texas Service Center Director David Roark (together, "Defendants") move, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing the complaint of *pro se* plaintiff Xiuzhu Lin ("Plaintiff"). (ECF Nos. 8–11). Plaintiff has not opposed the motion. For the reasons that follow, the motion to dismiss is granted.

## <u>BACKGROUND</u>

Plaintiff, a Lawful Permanent Resident ("LPR"), brings this action pursuant to the Mandamus Act, 28 U.S.C. § 1361, and Administrative Procedure Act, 5 U.S.C. § 706(1)

("APA"), seeking an order directing Defendants to adjudicate her Form I-90, Application to Replace Permanent Resident Card ("I-90"). (ECF No. 1 ("Compl.")).

Plaintiff submitted an I-90 to USCIS in April, 2021, which was approved on November 30, 2022, and Defendants sent a new Permanent Resident Card ("PRC") to Plaintiff on December 8, 2022. (ECF No. 9 at 4; ECF No. 10, Exs. 1–3). Plaintiff sought a replacement PRC by filing a new I-90 application on September 12, 2023. (Compl. ¶ IX; ECF No. 10, Ex. 3). Plaintiff alleges that Defendants have unreasonably delayed adjudicating her most recent I-90 application for more than six months. (Compl. ¶ IX).

Defendants argue that Plaintiff is not entitled to mandamus relief because she cannot establish a "clear right" to the immediate adjudication she seeks, nor can she establish the lack of an alternative remedy. (ECF No. 9 at 6–9). Defendants argue further that Plaintiff is not entitled to relief under APA Section 706(1) because she has not alleged and cannot establish that the delay in adjudicating her I-90 application is unreasonable. (*Id.* at 10-17). In support, Defendants point to recent data indicating "USCIS has adjudicated 80% of I-90 replacements within 27 months." (ECF No. 9 at 3 (citing Check Case Processing Times, available at https://egov.uscis.gov/processing-times/ (last visited May 23, 2024)).

## DISCUSSION

I.    Legal Standards

The Court construes *pro se* pleadings liberally, interpreting them broadly to raise the strongest arguments they suggest. *See Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007); *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000). A plaintiff's failure to oppose a

motion does not itself justify dismissal of the complaint. *See McCall v. Pataki*, 232 F.3d 321, 322–23 (2d Cir. 2000).

> In deciding an unopposed motion to dismiss, a court is to "assume the truth of a pleading's factual allegations and test only its legal sufficiency . . . Thus, although a party is of course to be given a reasonable opportunity to respond to an opponent's motion, the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law."

*Haas v. Commerce Bank*, 497 F. Supp. 2d 563, 564 (S.D.N.Y. 2007) (quoting *McCall*, 232 F.3d at 322).

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In deciding a Rule 12(b)(6) motion, a district court may take judicial notice of and "rely on matters of public record," *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998), including "information publicly announced on a party's website, as long as the website's authenticity is not in dispute and it is capable of accurate and ready determination." *Hesse v. Godiva Chocolatier, Inc.*, 463 F. Supp. 3d 453, 463 (S.D.N.Y. 2020) (quotation marks and citations omitted); *accord Mu v. USCIS*, No. 23-CV-2067 (HG), 2023 WL 4687077, at *2 (E.D.N.Y. July 22, 2023) (taking judicial notice of USCIS's process for adjudicating asylum applications, as described on USCIS's website); *Aydemir*

3

*v. Garland*, No. 22-CV-100 (PAC), 2022 WL 4085846, at *3 n.3 (S.D.N.Y. Sept. 6, 2022) (taking judicial notice of processing times on USCIS's website).

Dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) is proper when the district court lacks the statutory or constitutional power to adjudicate a claim. *Ford v. D.C. 37 Union Loc. 1549*, 579 F.3d 187, 188 (2d Cir. 2009) (quotation marks and citation omitted).

II.    Mandamus Act Claim

The Mandamus Act provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. It is well established that mandamus is an "extraordinary remedy." *Pittston Coal Group v. Sebben*, 488 U.S. 105, 121 (1988); *Escaler v. USCIS*, 582 F.3d 288, 292 (2d Cir. 2009). To warrant mandamus relief a plaintiff must establish: (1) a "clear right" to the relief sought; (2) that the defendant has a "plainly defined and peremptory duty" to do the act in question; and (3) that there is no other adequate remedy available. *Anderson v. Bowen*, 881 F.2d 1, 5 (2d Cir. 1989).

Plaintiff has not adequately alleged, let alone established, that Defendants have a "plainly defined and peremptory duty" to do the act in question—adjudicate her I-90 application within 180 days of its submission. *Id.* The precatory statement of 8 U.S.C. § 1571(b) notwithstanding,[1] the Immigration and Nationality Act provides no mandated deadline for the adjudication of an I-90 or any other immigration benefit application. *Poz v. Mayorkas*, No. 23-CV-7902 (DLI), 2024 WL 4309234, at *3 (E.D.N.Y. Sept. 26, 2024)

---

[1] "It is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application." 8 U.S.C. § 1571(b).

(quoting *Li v. Chertoff*, No. 07-CV-3836 (ILG), 2007 WL 4326784, at *5 (E.D.N.Y. Dec. 7, 2007)); *see also Cohen v. Jaddou*, No. 21-CV-5025 (PAC), 2023 WL 2526105, at *5 (S.D.N.Y. Mar. 15, 2023). Thus, Defendants do not have a "plainly defined and peremptory duty" to adjudicate Plaintiff's I-90 application within a particular time frame. *See Anderson*, 881 F.2d at 5. For this reason alone, Plaintiff's the mandamus claim warrants dismissal.

In any event, a mandamus claim to enforce any timeliness provisions within the immigration laws necessarily fails the third element of the tripartite test because the APA provides an alternate remedy, even if Plaintiff's pursuit of that alternate remedy is ultimately unsuccessful. *Plesha v. Garland*, No. 24-cv-7234 (BMC), 2024 WL 5221202, *2 (E.D.N.Y. Dec. 26, 2024) ("Where, as here, the APA provides an alternative remedy, plaintiffs cannot satisfy the requirement that no adequate remedy be available." (quotations, citations, and alterations omitted)); *Luo v. USCIS*, No. 23-CV-1104 (HG), 2023 WL 5672041, *3 (E.D.N.Y. Sept. 1, 2023) (denying mandamus relief because "an alternative adequate remedy [was] possible under the APA . . . even though . . . Plaintiff's APA claim also fails on the merits"); *Almakalani v. McAleenan*, 527 F. Supp. 3d 205, 226 (E.D.N.Y. 2021) (same); *Xu v. Cissna*, 434 F. Supp. 3d 43, 56 (S.D.N.Y. 2020) (same).

For these reasons, Plaintiff's mandamus claim is dismissed.

A.  Administrative Procedure Act Claim

"[T]he APA requires that 'within a reasonable time, each agency shall proceed to conclude a matter presented to it,' and that courts shall 'compel agency action unlawfully withheld or unreasonably delayed.'" *Zhang v. Wolf*, No. 19-CV-5370 (DLI), 2020 WL 5878255, at *3 (E.D.N.Y. Sept. 30, 2020) (quoting 5 U.S.C. §§ 555(b), 706(1)). To determine whether a plaintiff has stated a claim under the APA, courts in this Circuit look

to the factors enunciated in *Telecomms. Rsch. & Action Ctr. v. Fed. Commc'ns. Comm'n.*, 750 F.2d 70, 80 (D.C. Cir. 1984) (hereinafter "*TRAC*"), which "set forth [a six-factor] test for determining if agency action is unreasonably delayed." *Mu*, 2023 WL 4687077, at *4 (alterations in original) (quoting *Nat. Res. Def. Council, Inc. v. FDA*, 710 F.3d 71, 84 (2d Cir. 2013) (citing *TRAC*); s*ee also De Oliveira v. Barr*, No. 19-CV-1508 (ENV), 2020 WL 1941231, at *4 (E.D.N.Y. Apr. 22, 2020). The *TRAC* factors are: (1) the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable, it may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed. *See, e.g., L.M. v. Johnson*, 150 F. Supp. 3d 202, 206-07, 213-14 (E.D.N.Y. 2015). "The first factor—whether the timetable is governed by a rule of reason—is the most important." *Liu v. USCIS*, 23-CV-2065 (RPK), 2024 WL 4436232, *2 (E.D.N.Y. Oct. 7, 2024) (quotation and citation omitted). The application of the *TRAC* factors in this case is basically indistinguishable from the significant body of case law in this Circuit dismissing similar APA claims. *See, e.g., id.*

Defendants generally adjudicate I-90 applications on a "first in, first out" ("FIFO") basis.[2] Many courts have deemed the FIFO system a rule of reason in other immigration

---

[2] See Check Case Processing Times, available at https://egov.uscis.gov/processing-times/ (last visited January 21, 2025) (insert "I-90 Application to Replace Permanent Resident Card," "Initial issuance or replacement," and "Potomac Service Center" in the drop down menus; scroll down to "*We generally process cases in the order we receive them*. This processing time is based on how long it took us to complete 80% of adjudicated cases over the past six months. Each case is unique, and some cases may take longer than others. Processing times should be used as a reference point, not an absolute measure of how long your case will take to be completed.") (emphasis added).

contexts. *Aydemir*, 2022 WL 4085846, at *4; *N-N v. Mayorkas*, 540 F. Supp. 3d 240, 261 (E.D.N.Y. 2021). The first, and most important, *TRAC* factor therefore favors Defendants.

Although Congress has provided a precatory 180-day timeframe for processing of immigration benefits applications, 8 U.S.C. § 1571(b), that does not indicate that the FIFO system is not a rule of reason. Indeed, even considering the INA's precatory timeframes, courts have consistently declined to weigh the second *TRAC* factor in favor of immigration benefit applicants suffering delays similar to or longer than the delay in this case. *Maxhuni v. Mayorkas*, No. 23-CV-9076 (DEH), 2024 WL 3090165, at *1 (S.D.N.Y. June 20, 2024) (delay of five years in asylum context); *De Oliveira*, 2020 WL 1941231, at *4 (almost four years in asylum context). The second *TRAC* factor is therefore neutral at best.

The third and fifth *TRAC* factors, which speak to the human interests prejudiced by the delay, also favor dismissal. Plaintiff's alleged harm that her "travel is limited" (Compl. ¶ IX), while deserving of some sympathy, does not set her apart from the many other immigration benefit applicants who almost invariably suffer from similar issues. *See Yang v. Houghton*, No. 21-CV-5485 (BMC), 2021 WL 5879033, at *2 (E.D.N.Y. Dec. 13, 2021); *De Oliveira*, 2020 WL 1941231, at *5; *Zheng v. Garland*, No. 22-CV-6039 (AMD), 2024 WL 333090, at *6 (E.D.N.Y. Jan. 29, 2024). Moreover, Plaintiff could travel internationally and return to the United States without impacting her pending I-90 application if she obtained an Alien Documentation, Identification and Telecommunication ("ADIT") stamp, for which she applied but did not complete the process. (ECF No. 9, 14 n. 7). These factors militate toward dismissal.

The fourth factor also leans toward dismissal where, as here, the requested relief would simply move a plaintiff ahead in the line, push others back, and produce "no net

gain," even if all the other *TRAC* factors suggest an unreasonable delay. *Xu*, 434 F. Supp. 3d at 54 (quoting *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1100 (D.C. Cir. 2003)). Numerous other courts have found similarly on this factor. *E.g., He v. Garland*, No. 23-CV-05386 (EK), 2024 WL 3708146, at *3 (E.D.N.Y. Aug. 7, 2024); *Almakalani*, 527 F. Supp. 3d at 224–25 (dismissing APA claim under fourth factor); *De Oliveria*, 2020 WL 1941231, at *5 (finding TRAC factor four favored USCIS, reasoning that leapfrogging a plaintiff ahead of other similarly situated applicants would undermine USCIS's queue system); *Xu v. Nielsen*, No. 18-CV-2048 (BMC), 2018 WL 2451202, at *2 (E.D.N.Y. May 31, 2018) ("There are many other applicants who have waited even longer than plaintiff; to grant him priority is to push them further back in line when the only difference between them is that plaintiff has brought a federal lawsuit.")

Finally, although the sixth *TRAC* factor does not require Plaintiff to allege impropriety on the part of Defendants in contributing to the delay, this factor is neutral. *See TRAC*, 750 F.2d at 80; *see also Cohen*, 2023 WL 2526105, at *7.

Thus, considering the *TRAC* factors as a whole, the Court finds that the delay in adjudication of Plaintiff's I-90 application has not been unreasonable, and Plaintiff has failed to state a claim under the APA.

## **CONCLUSION**

For the reasons set forth above, Defendants' motion to dismiss is granted.

While leave to amend is generally freely given, *see Cruz v. Gomez*, 202 F.3d 593, 597-98 (2d Cir. 2000), leave to amend is not warranted "where it is clear from the face of the complaint that the Court lacks subject matter jurisdiction or that a claim cannot be stated as a matter of law." *Steele v. Soc. Sec. Admin.*, No. 14-cv-7104 (ENV)(MDG), 2016

WL 4688850, at *3 (E.D.N.Y. Sept. 7, 2016). That is the case here. Leave to amend is denied. The complaint is dismissed with prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is directed to enter judgment dismissing the complaint, mail a copy of this Memorandum and Order to Plaintiff, and note the mailing on the docket.

SO ORDERED.

/s/ Ramón E. Reyes, Jr.

RAMÓN E. REYES, JR.
United States District Judge

Dated: January 22, 2025
        Brooklyn, NY